**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Montoya,<br><br>    Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>    Defendants. | No. CV-18-08025-PCT-DGC (ESW)<br><br>**ORDER** |

Plaintiff Christopher Montoya, who is confined in the Arizona State Prison-Kingman (ASP-Kingman) in Kingman, Arizona, filed a pro se civil rights First Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. 9). The Court ordered Defendant Herrick to answer Count III (Doc. 10). Defendant filed an Answer (Doc. 12), and all issues are joined. Pending before the Court are several motions.

## I.     DISCUSSION

### A. "Plaintiff's Indigent Request for Appointment and Payment of a Medical Expert" (Doc. 25)

Plaintiff requests that the Court appoint Plaintiff a medical expert to "provide their expertise [sic] assessment of the events surrounding the medical treatment of Plaintiff, and . . . provide evidence to support or provide a defense to any parties Summary Judgment motion." (Doc. 25 at 2).

Rule 702 of the Federal Rules of Evidence provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side. Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002). Expert witnesses, however, cannot be appointed solely to aid a litigant in presenting his or her case. Expert witnesses can be only appointed where necessary to aid the court. *See Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) (stating that "the plain language of [28 U.S.C. § 1915] does not provide for the appointment of expert witnesses to aid an indigent litigant"). "The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." WRIGHT & MILLER, 29 FED. PRAC. & PROC. EVID. § 6304 (2004).

The Court finds that Plaintiff's allegations in his First Amended Complaint (Doc. 9) are not so complicated as to require the appointment of an expert witness to assist the Court. A trier-of-fact does not require a medical expert to determine whether Defendant was deliberately indifferent to Plaintiff's medical needs. *See Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997) (recognizing that deliberate indifference claims are based upon a subjective state of mind, and thus do normally not require the kind of objective, expert testimony required in a malpractice action). Plaintiff's Motion (Doc. 25) will be denied.

**B. "Proposed order for the Issuance of a Subpeona [sic] for Production of Documents" (Doc. 21)**

Plaintiff requests permission for the issuance of a subpoena duces tecum pursuant to Fed. R. Civ. P. 45 to Correct Care Solution Corporation, the employer of Defendant Herrick, to determine "Liability Insurance information for coverage of Stephanie Herrick N.P. during the course of employment from January 1, 2016 to present day [November 1, 2018]." Plaintiff seeks the name, address, policy numbers, and declaration of types of

insurance covering Defendant Herrick. Plaintiff indicates that Defendant's Disclosure Statement reflected no insurance agreements.

Defendant has filed no objection to Plaintiff's Motion. The Court finds that the information sought is relevant pursuant to Fed. R. Civ. P. 26(b)(1). The Court will grant Plaintiff's request for a subpoena duces tecum form to be served on Correct Care Solution Corporation for the limited purpose of obtaining liability insurance coverage information for Defendant Herrick from January 1, 2016 through November 1, 2018, specifically the liability insurance company's name, address, policy numbers, and declaration of types and amount of coverage.

### C. "Amend Complaint being Sought through Court's Leave" (Doc. 20)

Plaintiff seeks to add a cause of action against Defendant Herrick for violating federal HIPPA laws during the course of discovery by releasing Plaintiff's medical records to defense counsel. In her Response, Defendant correctly notes that a private cause of action does not exist under the Health Insurance Portability and Protection Act of 1996 (42 U.S.C. § 1320d-2) ("HIPPA"). "HIPAA itself does not provide for a private right of action, see 65 Fed.Reg. 82601 (Dec. 28, 2000) ("Under HIPAA, individuals do not have a right to court action.")." *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007).

"A district court has discretion to adopt local rules. . . . Those rules have 'the force of law.'" *Hollingsworth v. Perry*, 558 U.S. 183 (2010) (citation omitted). Hence, both the parties and the Court are bound by the local rules. LRCiv. 83.3(c) (1) ("Anyone appearing before the court is bound by these Local Rules."); *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). A district court's departure from its local rules is justified only if the effect is "so slight and unimportant that the sensible treatment is to overlook [it]." *Id.* (internal quotation marks and citation omitted).

Local Rule 15.1(a) provides that:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, **which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added**. The proposed amended pleading

> must not incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv 15.1(a) (emphasis added).

Here, Plaintiff has not provided a proposed Second Amended Complaint, indicating in what respect it differs from the First Amended Complaint. Plaintiff fails to comply with Local Rule 15.1(a), LRCiv. Nor has Plaintiff set forth a viable cause of action to support his Motion. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend."). The Court will deny Plaintiff's Motion (Doc. 20).[1]

## II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** denying "Plaintiff's Indigent Request for Appointment and Payment of a Medical Expert" (Doc. 25).

**IT IS FURTHER ORDERED** denying Plaintiff's "Amend Complaint being Sought through Court's Leave" (Doc. 20).

**IT IS FURTHER ORDERED** granting Plaintiff's "Proposed order for the Issuance of a Subpeona [sic] for Production of Documents" (Doc. 21). The Clerk of Court shall mail to Plaintiff a blank subpoena duces tecum form. Plaintiff shall fill out the subpoena duces tecum and return it to the Clerk of Court to be served upon Correct Care Solution Corporation. Plaintiff shall fill out the form for the limited purpose of discovery of liability insurance coverage information for Defendant Herrick from January 1, 2016 through

---

[1] *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996) ("Contrary to the defendants' assertions, Dominator's motion for leave to amend its complaint was properly treated as a nondispositive motion."); *Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012) ("Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1).") (citation and internal quotation marks omitted).

November 1, 2018, specifically the liability insurance company's name, address, policy numbers, and declaration of types and amount of coverage, if any.

Dated this 24th day of January, 2019.

*[signature]*
Honorable Eileen S. Willett
United States Magistrate Judge