**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Montoya,<br><br>Plaintiff,<br><br>v.<br><br>Stephanie Herrick,<br><br>Defendant. | No. CV-18-08025-PCT-DGC (ESW)<br><br>**ORDER** |

This Order sets forth the Court's rulings on a number of pending Motions (Docs. 40, 43, 48, 49) filed by Plaintiff.

In his May 6, 2019 Motion, Plaintiff requests the issuance of a subpoena duces tecum to be served on the Arizona Medical Board for the purpose of obtaining "medical license records" regarding Defendant Nurse Practitioner Stephanie Herrick and non-party Health Services Administrator Sumi Erno. (Doc. 40 at 2). Defense counsel has filed a Response (Doc. 42) that attaches a copy of Defendant Herrick's nursing license information. Defense counsel notes that Sumi Erno does not carry a medical or nursing license. (*Id.*). Plaintiff has not filed a Reply. The Court will deny Plaintiff's Motion (Doc. 40) as moot.

In March 2019, Defendant Herrick filed a Motion for Summary Judgment (Doc. 28) and Statement of Facts (Doc. 29). Exhibit A to Defendant Herrick's Statement of Facts is a Declaration of Sumi Erno, which attaches a number of Plaintiff's medical records. (Doc.

29-1). On May 20, 2019, Plaintiff filed a Motion seeking the "suppression of Defendants [sic] Exhibits A which consist of Plaintiff's medical records . . . ." (Doc. 43 at 4-5). Plaintiff's Motion (Doc. 43) will be referred to the District Judge for consideration in conjunction with Defendant Herrick's Motion for Summary Judgment (Doc. 28).

The Court has reviewed Plaintiff's June 10, 2019 Motion (Doc. 48) that requests the Court to "have the Defendant not utilized [sic] the names State of Arizona, et. al. in their caption and to remove it from their Motion for Summary Judgment and Statement of Facts." (*Id.* at 2). Plaintiff named the State of Arizona as a Defendant in his original Complaint (Doc. 1), which the Court dismissed for failure to state a claim. (Doc. 7). Plaintiff did not name the State of Arizona in the First Amended Complaint. (Doc. 9). "[T]he caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption." *Hoffman v. Halden*, 268 F.2d 280, 303-04 (9th Cir. 1959), *overruled in part on other grounds, Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962). Accordingly, "federal courts generally will allow an amendment under Rule 15 to correct technical defects in the caption when that is thought necessary." Wright & Miller, 5A Fed. Pract. Proc. Civ.3d § 1321. For good cause shown, the Court will grant Plaintiff's Motion (Doc. 48) to the following extent. The Court will direct the Clerk of Court to amend the caption to reflect that Defendant Herrick is the sole Defendant in this action. The Court will not require Defendant to amend the caption of her Motion for Summary Judgment, but the parties' future filings shall reference the corrected caption.

Finally, the Court has reviewed Plaintiff's "Petition for a Contempt of Court Order" (Doc. 49). Plaintiff's filing pertains to the production of liability insurance information for Defendant Herrick pursuant to a subpoena that Plaintiff sought to be served on Correct Care Solution Corporation. On July 1, 2019, Plaintiff filed a document (Doc. 52) that is construed as a Motion to Withdraw the "Petition for a Contempt of Court Order" (Doc. 49). Plaintiff indicates that he has now received the information he sought in the subpoena.

(Doc. 52 at 1). Plaintiff's Motion (Doc. 52) will be granted and the Clerk of Court will be directed to withdraw Plaintiff's "Petition for a Contempt of Court Order" (Doc. 49).

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's May 6, 2019 Motion (Doc. 40) as moot.

**IT IS FURTHER ORDERED** referring the "Motion by Plaintiff to Suppress Defendants [sic] Material Evidence Exhibit A" (Doc. 43) to the District Judge.

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion to Stricken the name State of Arizona et. al. from the Defendants [sic] filings, henceforth from the captions." (Doc. 48).

**IT IS FURTHER ORDERED** directing the Clerk of Court to correct the caption to reflect that Stephanie Herrick is the sole Defendant in this action.

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion to Dismiss Plaintiff's Petition for a Contempt of Court Order (Doc #49)" (Doc. 52), which is construed as a Motion to Withdraw Plaintiff's "Petition for a Contempt of Court Order" (Doc. 49).

**IT IS FURTHER ORDERED** directing the Clerk of Court to withdraw Plaintiff's "Petition for a Contempt of Court Order" (Doc. 49).

Dated this 10th day of July, 2019.

_____
Eileen S. Willett
United States Magistrate Judge